**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WILLIE MILLER**                                                              **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 1:21-CV-177-DMB-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION**             **DEFENDANT**

**FINAL JUDGMENT**

Plaintiff Willie Miller filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits, and supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 18. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

**FACTS**

The plaintiff filed for benefits on December 14, 2018, alleging onset of disability commencing on November 24, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on February 12, 2020. The Appeals Council vacated the ALJ's decision and remanded the case for further consideration on December 2, 2020. The ALJ issued a second unfavorable decision on April 29, 2021. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: bipolar disorder, schizoaffective disorder, depression, and obesity. The ALJ found he retained the residual functional capacity (RFC) to perform medium work with the following limitations: simple routine type work, low stress job defined as having only occasional decision making; occasional interaction with supervisors/coworkers/public; no production or pace work.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a janitor, kitchen helper, and groundskeeper. These three jobs represent 1.9 million, 559,000, and 140,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff contends the ALJ failed to properly consider the State Agency reviewing physicians' opinions in formulating his RFC. Specifically, the plaintiff argues the ALJ did not consider Dr. Vicki Prosser's opinion that he was at least moderately limited in his ability to adapt or manage himself despite Dr. Prosser's finding that his statements regarding the intensity, persistence, and functionally limiting effects of his symptoms were substantiated by the objective medical evidence. For this reason, the plaintiff maintains the RFC is not supported by substantial evidence.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

Dr. Prosser found the plaintiff's "depressive, bipolar and related disorders" to be his only severe impairment. When evaluating the paragraph B-criteria at the initial level, Dr. Prosser found the plaintiff was moderately limited in his ability to adapt or manage himself. In assessing the plaintiff's mental RFC, Dr. Prosser found he was moderately limited in his ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. She found the plaintiff was not significantly limited in his ability to interact appropriately with the general public, maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness. Dr. Prosser's Mental Residual Functional Capacity Assessment concludes with the following "additional explanation:"

> The [plaintiff] appears capable of understanding remembering and applying information; interacting with others; carrying out instructions; maintaining concentration, persistence or pace and adapting or managing themselves adequately for 2-hour periods in an 8-hour workday. The claimant can complete a normal 40-hour week of work without excessive interruptions from psychological symptoms, can interact appropriately to coworkers and supervisors on a limited basis and can adapt to a job setting. He has the ability to understand, remember and carry out simple instructions.

While the ALJ's decision does not specifically discuss Dr. Prosser's opinions, the ALJ considered the State Agency physicians' findings stating "the non-examining state agency

physicians […] determined that the claimant's only severe impairment was depression that resulted in mild to moderate limitations. The undersigned deems these opinions only somewhat persuasive, as they are not consistent with the evidence of record as a whole."[1] The ALJ found the record supportive of additional severe impairments not recognized by the State Agency physicians. Ultimately, the ALJ limited the plaintiff to simple routine type work, a low stress job defined as having only occasional decision making, occasional interaction with supervisors, coworkers, and the public, and no production or pace work.

Insofar as the plaintiff is arguing the ALJ committed reversible error in finding him mildly – and not moderately – limited in his ability to adapt and manage himself, he has failed to establish any prejudice resulting from this alleged error. While the paragraph B-criteria are not a residual functional capacity assessment, the court finds the non-exertional limitations in the RFC account for the limitations Dr. Prosser assigned, including a moderate limitation in the plaintiff's ability to adapt and manage himself. While the ALJ found the State Agency physicians' opinions only somewhat persuasive on the basis they were not consistent with the evidence of record, it is clear from the decision this was based on the ALJ finding additional severe impairments and not disagreement with the limitations Dr. Prosser assessed related to the plaintiff's depression – which are accounted for in the RFC.

However, there is an unexplained inconsistency in the ALJ's general conclusion that the

---

[1] The ALJ is not required to expressly address the persuasiveness of every opinion within every report. 20 C.F.R. § 404.1520c ("[W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.")

the plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms […] are not supported by the medical evidence of record" and Dr. Prosser's express finding to the contrary. The Disability Determination Explanation form specifically inquires as to whether "the individual's statements about the intensity, persistence, and functionally limiting effects of the symptoms [are] substantiated by the objective medical evidence alone," to which Dr. Prosser indicated "yes." While the ALJ's decision appears to discount Dr. Prosser's opinion on the basis that the ALJ found the plaintiff to suffer from additional severe impairments, the ALJ does not explain why he found the plaintiff's statements regarding his symptoms unsupported by the medical evidence of record while Dr. Prosser found them supported.

Without this explanation, the plaintiff argues it is unclear whether or to what extent the ALJ may have disagreed with Dr. Prosser's opinions as to the plaintiff's functional limitations. Regardless, as discussed *supra,* whether the ALJ explained this inconsistency or not, it is clear the ALJ considered Dr. Prosser's opinion as it related to the plaintiff's functional limitations and included them in the RFC. It may have been the better route for the ALJ to provide his reasoning as to this apparent inconsistency, but the court finds such error is harmless and would be a waste of time and judicial resources to remand on this issue when the ALJ found even more restrictive limitations than did Dr. Prosser.

The second issue the plaintiff raises involves the ALJ's evaluation of treating psychologist Dr. Akif Khawaja's opinion. The plaintiff argues Dr. Khawaja's opinion is consistent with consultative examiner Dr. Lane's opinion, which the ALJ found "somewhat persuasive," as well as the State Agency physicians' opinions. Based on VE testimony that the limitations Dr. Khawaja found would be disabling, the plaintiff maintains he was prejudiced by the ALJ's failure to properly evaluate Dr. Khawaja's opinion.

In evaluating medical opinions, the regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). Ultimately, this court's review is constrained by a showing of substantial evidence supporting the ALJ's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). It cannot "reweigh the evidence in the record […] or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

The ALJ concluded Dr. Khawaja's opinion that the plaintiff's "abilities from a mental standpoint were either seriously limited or unable to meet competitive standards" was unpersuasive due to "no elaboration or supportive evidence of this level of restriction." The ALJ found Dr. Khawaja's treatment records and the counseling records documented some abnormal mental status examination findings; however, these were not "at a level supportive of the degree of limitation opined by Dr. Khawaja."

The court finds support in the record for the ALJ's conclusion that Dr. Khawaja's opinion was unpersuasive. As noted by the Commissioner, the checkmark opinion asks for an explanation for limitations falling in the three most limited categories and requests the medical/clinical findings supporting such an assessment. Dr. Khawaja rated all the plaintiff's abilities within the most limiting categories yet failed to provide any explanation supporting his findings. Additionally, Dr. Khawaja's treatment records do not support the degree of limitation assessed in his medical opinion. For example, on August 15, 2019, Dr. Khawaja noted the plaintiff's concentration and memory were intact and judgment and insight were limited. His second treatment record on November 14, 2019, show judgment good and insight fair. These

examination findings do not support the extreme limitations reflected in Dr. Khawaja's medical opinion.

As for the plaintiff's argument that Dr. Khawaja's opinions are consistent with Dr. Prosser's and Dr. Lane's opinions, the court finds Dr. Khawaja's opinions more limiting. For example, Dr. Prosser found the plaintiff could interact appropriately with coworkers and supervisors on a limited basis and Dr. Lane similarly found he was moderately impaired in this area. However, Dr. Khawaja opined the plaintiff was unable to meet competitive standards (meaning he has noticeable difficulty from 21-40% of the workday or work week) regarding his abilities to accept instructions and respond appropriately to criticism from supervisors and get along with coworkers or peers. Dr. Prosser opined the plaintiff was not significantly limited his ability to understand, remember, and carry out simple instructions or interact appropriately with the general public, while Dr. Khawaja found he was significantly limited in these areas. Dr. Prosser found the plaintiff was not significantly limited in his ability to make simple, work-related decisions, while Dr. Khawaja found he was unable to meet competitive standards in his ability to deal with normal work stress and make simple, work-related decisions. Accordingly, substantial evidence supports the ALJ's determination that Dr. Khawaja's opinion was unpersuasive.

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 16th day of June, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**